# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SYREETA ROBERTS** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 17-0297** |
| **v.** | : | |
| | : | |
| **HEALTH PARTNERS PLANS, INC.** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                             AUGUST 3, 2017

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Syreeta Roberts ("Plaintiff"), an African-American woman who was employed by Health Partners Plans, Inc. ("Defendant"), filed an employment discrimination action against Defendant pursuant to 42 U.S.C. § 1981 ("§1981"), asserting claims for discrimination, retaliation, and hostile work environment, each on the basis of race, as well as a state law breach of contract claim. [ECF 1]. Before this Court is Defendant's *motion to dismiss*, filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), seeking the dismissal of all claims against it for failure to state a claim on which relief can be granted. [ECF 7]. Plaintiff has opposed the motion. [ECF 8]. The issues presented have been fully briefed by the parties and, therefore, the motion is ripe for disposition.

For the reasons stated herein, Defendant's motion to dismiss is granted.

**BACKGROUND**

When ruling on a motion to dismiss, this Court must accept as true all the factual allegations in Plaintiff's complaint, and construe the complaint in the light most favorable to the Plaintiff. *Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 677 (2009)). The relevant allegations in Plaintiff's complaint are summarized as follows:

> Plaintiff, an African-American woman, worked as an at-will employee for Defendant as a Claims Examiner from March 31 to November 7 or 9, 2014. (Compl. ¶¶12-14, 23, 28). Plaintiff had several health issues and was told that she needed surgery, which would require her to miss six to eight weeks of work. (*Id*. at ¶¶15-17). Plaintiff was not eligible for benefits under the Family and Medical Leave Act. (*Id*. at ¶24). Defendant's human resources department informed Plaintiff that she needed to provide "medical proof" of her need for surgery. (*Id*. at ¶16). Plaintiff submitted a physician's note confirming her need for surgery, which was scheduled for November 10, 2014. (*Id*. at ¶17). Defendant denied her request for leave. (*Id*. at ¶18). Plaintiff contends that she had no choice but to have the surgery on November 10, 2014, and that she was fired on either November 7 or 9, 2014. (*Id*. at ¶¶10, 19, 23).
>
> Plaintiff alleges that her "termination, harassment, hostile work environment, and discrimination" were based on both (1) her need for leave for surgery and recovery time and (2) her race. (*Id*. at ¶36). She alleges that "[o]ther non African American (*sic*) workers were not subject to the same discrimination." (*Id*. at ¶26). Plaintiff also alleges that she had a contractual right to an unpaid leave of absence pursuant to provisions in Defendant's Employee Handbook, an excerpt of which she attached to her complaint. The excerpt provides: "Unpaid Leave of Absence: At the discretion of department management and Human Resources, you may be granted a personal leave of absence without pay for up to 90 days. All requests must be submitted in writing and approved in advance by your supervisor . . . ." (*Id*. at ¶20; Compl. Ex. A at 2).

**LEGAL STANDARD**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 677). The court must determine whether the plaintiff has pled facts sufficient to show a plausible entitlement to relief. *Fowler*, 578 F.3d at 211. If the pled facts only allow the court to *infer the mere possibility* of misconduct, then the complaint has only alleged, and not *shown*, that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)) (emphasis added). Thus, the plaintiff "must allege facts sufficient to 'nudge [his or her] claims across the line from conceivable to

plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. After construing the complaint in the light most favorable to the plaintiff, if the court finds that the plaintiff could not be entitled to relief, it can dismiss the claim. *Fowler*, 578 F.3d at 210.

**DISCUSSION**

In its motion to dismiss, Defendant argues that Plaintiff has failed to state any viable §1981 claims because she did not allege facts sufficient to establish racial discrimination, retaliation, or harassment. Defendant also contends that Plaintiff failed to state a viable breach of contract claim because she was an at-will employee, and because the source of Plaintiff's purported contractual rights (an employee handbook) does not establish contractual rights, as a matter of law. These arguments will be acknowledged *seriatim*.[1]

Employment discrimination claims under §1981 require a plaintiff to first allege facts sufficient to establish the *prima facie* elements of a claim. *Castleberry v. STI Grp.*, __ F.3d __, 2017 WL 2990160, at *2 (3d Cir. July 14, 2017). This Court applies this threshold standard to each of Plaintiff's claims below.

---

[1] Defendant also argued that dismissal is warranted on the grounds that Plaintiff's allegations suggest an additional, non-discriminatory motivation for Defendant's actions. The decision of this Court, on which Defendant relies for this argument, does not provide such a basis for dismissal. In *Dixon v. Women's Christian Alliance Foster Care Agency*, this Court held that the discrimination against a plaintiff must be on the basis of *their own* race, as opposed to *the race of another individual* to whom the plaintiff had pledged support; it did not establish any rule pertaining to pleadings of alternative, non-discriminatory reasons for an employer's adverse actions. *Dixon*, 2014 WL 5393541, at *11 (E.D. Pa. Sept. 16, 2014).

*Section 1981 Discrimination Claims*

Defendant moves to dismiss Plaintiff's §1981 discrimination claims on the grounds that Plaintiff failed to allege facts sufficient to show that Defendant discriminated against her on the basis of her race. Specifically, Defendant argues that Plaintiff failed to allege facts to establish that other similarly situated individuals outside of Plaintiff's protected class were treated differently, in order to give rise to an inference of discrimination.

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981. As such, §1981 prohibits racial discrimination in the formation and enforcement of contracts, including employment contracts. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 454-55 (2008); *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987). To assert a viable §1981 claim, a plaintiff must allege facts sufficient to establish that: (1) the plaintiff is a racial minority, (2) the defendant intended to discriminate against the plaintiff on the basis of race, and (3) the discrimination concerned an activity enumerated in §1981. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010). Section 1981 "can only be violated by intentional discrimination," thus, a plaintiff must allege a specific factual basis to create an inference of a defendant's intent to discriminate. *Ocasio v. Lehigh Valley Family Health Ctr.*, 92 F. App'x 876, 880 (3d Cir. 2004) (citing *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982)); *Frederick v. Southeastern Pennsylvania Transp. Auth.*, 892 F. Supp. 122, 125 (E.D. Pa. 1995). Further, the "intentional" requirement cannot be satisfied with "vague and conclusory allegations" in the complaint. *Frederick*, 892 F. Supp. at 125.

Here, a careful review of her complaint reveals that Plaintiff has failed to allege any facts to establish a plausible §1981 claim of intentional racial discrimination. A liberal reading of the complaint suggests that Plaintiff purported to allege two unlawful discriminatory employment actions: (1) wrongful termination and (2) disparate treatment in the form of the denial of an employment benefit. Plaintiff avers in two conclusory paragraphs that her "termination, harassment, hostile work environment, and discrimination" were based on her race. (Compl. ¶¶25, 36). However, she does not allege any facts to support either this assertion or an inference that could lead to this conclusion. At most, she has alleged that she is a racial minority, that Defendant denied her request for unpaid leave, that Defendant terminated her, and that she believes both of those actions were taken because of her race. These "vague and conclusory allegations," however, are insufficient to show that Defendant intentionally discriminated against Plaintiff on the basis of her race. *Frederick*, 892 F. Supp. at 125; *see also Howard v. Blalock Elec. Serv., Inc.*, 742 F. Supp. 2d 681, 702 (W.D. Pa. 2010) ("An inference of race-based discrimination cannot arise simply from an employee's subjective belief that his or her race somehow influenced the challenged employment action.").

Defendant further argues that Plaintiff did not sufficiently plead the existence of other similarly situated individuals outside of Plaintiff's protected class as a means of establishing the intentional discrimination element. This Court agrees and finds that the facts pled are insufficient to establish such a claim.[2] Plaintiff's sole allegation that employees of other races simply "were

---

[2] To the extent that Defendant intended to argue that Plaintiff's failure to plead facts sufficient to utilize the "similarly situated" avenue is, by itself, fatal to Plaintiff's claim, such an argument is incorrect. This Court recognizes that there are alternative avenues by which a plaintiff can satisfy the intentional discrimination element. Plaintiff is not *required* to use the "similarly situated individuals" avenue, so long as she alleged facts that "in some other way" established circumstances that could give rise to an inference of intentional discrimination. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 274 (3d Cir. 2010). Notwithstanding, Plaintiff did not plead any facts to establish this alternative avenue.

not subject to the same discrimination," (*id*. at ¶26), is a legal conclusion disguised as a factual allegation and is, therefore, insufficient to support an inference of intentional discrimination by way of similarly situated individuals. *See Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 716-17 (3d Cir. 2012) (holding that conclusory allegations of racial favoritism and preferential treatment of non-minority employees are insufficient to support an inference of intentional discrimination by way of similarly situated individuals, in the absence of additional allegations as to how the defendant specifically treated the non-minority employees differently than the plaintiff). Plaintiff's complaint is devoid of any allegations, for example, that there were other employees outside of Plaintiff's protected class (1) who were granted unpaid leave under similar circumstances, or (2) whose requests for unpaid leave were denied but the denial was not followed by termination. In the absence of any similar allegations, Plaintiff has not alleged facts sufficient to give rise to an inference of intentional discrimination based on Defendant's treatment of similarly situated individuals. This deficiency, coupled with the absence of any other facts that could suggest an inference of intentional discrimination, necessitates this Court's conclusion that Plaintiff failed to plead facts sufficient to show that Defendant intended to discriminate against Plaintiff on the basis of race. As such, Plaintiff's §1981 discrimination claims against Defendant are dismissed.

*Section 1981 Retaliation Claim*

Defendant argues that Plaintiff did not plead any facts to support a §1981 retaliation claim. Notably, in her response to the motion to dismiss, Plaintiff does not address this argument. Notwithstanding, §1981 encompasses claims of an employer's retaliation against an employee who has complained about a violation of §1981 rights. *CBOCS West, Inc.*, 553 U.S. at 445. To assert a §1981 retaliation claim, a plaintiff must allege facts sufficient to show that: (1) the

6

plaintiff engaged in a "protected activity," (2) the defendant took an adverse employment action against the plaintiff, and (3) a causal connection existed between the plaintiff's protected activity and the adverse action. *Castleberry*, 2017 WL 2990160, at *5. For §1981 retaliation claims, a protected activity is the *act of complaining* about "direct racial discrimination" that would itself amount to a §1981 violation, or otherwise acting in an attempt to protect or secure §1981 rights. *CBOCS West, Inc.*, 553 U.S. at 452; *McClain v. Avis Rent a Car Sys. Inc.*, 648 F. App'x 218, 224 (3d Cir. 2016). Thus, "a plaintiff must demonstrate that there had been an underlying [§]1981 violation" about which the plaintiff complained. *Castleberry*, 2017 WL 2990160, at *5; *Estate of Oliva*, 604 F.3d at 798. In so complaining, the plaintiff must have had a good faith, reasonable belief that a violation existed. *Castleberry*, 2017 WL 2990160, at *5. Further, for an individual's complaint about an underlying §1981 violation to constitute a "protected activity," the person must have complained about racial discrimination, as opposed to mere unfair treatment. *McClain*, 648 F. App'x at 224.

Here, although not entirely clear, Plaintiff appears to contend that she was terminated in retaliation for requesting unpaid leave, and that the denial of her unpaid leave request was based on racial discrimination. Seemingly, the denial of Plaintiff's leave request is the requisite "direct racial discrimination." Absent from the complaint, however, is any allegation that Plaintiff *complained* about this direct discrimination. Thus, there is no complaint, *i.e.* no "protected activity," to which the alleged retaliation was taken in response. The complaint is devoid of any allegation, for example, that Plaintiff confronted or complained to her employer for denying her request because of her race, or that she made any other complaints of racial discrimination. Consequently, as Plaintiff pled no protected activity, she also did not, and could not, plead a causal connection between a protected activity and the adverse action, *i.e.* her termination. In

7

light of these deficiencies, this Court finds that Plaintiff failed to plead facts sufficient to establish a §1981 retaliation claim and, therefore, that claim is dismissed.

*Section 1981 Hostile Work Environment Claim*

As to Plaintiff's §1981 hostile work environment claim, Defendant argues that Plaintiff did not allege any facts to support such a claim. Plaintiff again fails to address this argument. Notwithstanding, to assert a viable §1981 hostile work environment claim, a plaintiff must allege facts sufficient to show that: (1) the defendant intentionally discriminated against the plaintiff because of race, (2) the discrimination was severe or pervasive, (3) the discrimination had a detrimental effect on the plaintiff, (4) the discrimination would have a detrimental effect on a reasonable person in the plaintiff's same position and of the plaintiff's same race, and (5) the existence of *respondeat superior* liability. *Castleberry*, 2017 WL 2990160, at *2. Isolated incidents of harassment, unless extremely serious, do not constitute a hostile work environment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998); *Castleberry*, 2017 WL 2990160, at *3. For a single, isolated incident to be "extremely serious," "a plaintiff must plead the incident to 'be [so] extreme [as] to amount to a change in the terms and conditions of employment.'" *Castleberry*, 2017 WL 2990160, at *3 (citing to *Faragher*, 524 U.S. at 788).

Here, Plaintiff's hostile work environment claim fails as a matter of law because Plaintiff failed to plead *any* facts to establish a hostile work environment. Nowhere in the complaint did Plaintiff allege anything beyond a bald assertion that a hostile work environment existed, or a mere recitation of the elements of a hostile work environment cause of action. Indeed, the only five paragraphs in the complaint which could even remotely be construed as pertaining to a hostile work environment are the following:

- "At all times material hereto, Plaintiff was subjected to severe and pervasive harassment as enumerated *infra*." (Compl. ¶6).

- "At all times material hereto, management aided and abetted the aforementioned retaliation, hostile work environment[,] and discrimination to which Plaintiff was subjected." (*Id*. at ¶31).

- "The aforementioned conduct of Defendant[] was materially adverse and would dissuade a reasonable worker from exercising and/or attempting to exercise their rights and benefits under the law." (*Id*. at ¶32).

- "As a direct and proximate result of Defendant's aforesaid acts and omissions, the hostile work environment which was created thereby . . . ." (*Id*. at ¶34).

- "The conduct of Defendant[] . . . violated [§1981] as Plaintiff's termination, harassment, hostile work environment, and discrimination [were] based upon her need for leave to have required surgery and recovery time, based upon her race, and was a direct interference with her contract . . . ." (*Id*. at ¶36).

This Court is not required to accept such conclusory statements. *See Twombly*, 550 U.S. at 555; *see also Thompkins v. Mercy Philadelphia Hosp.*, 2010 WL 3719099, at *3 (E.D. Pa. Sept. 20, 2010) (holding that a plaintiff's complaint which simply asserted that she was subject to "regular, pervasive, and persistent harassment" and a "hostile work environment," and did not assert that a defendant's actions interfered with the plaintiff's ability to perform her job, was insufficient to sustain a hostile work environment claim).

Plaintiff did not aver that any occurrences created a hostile work environment, nor does she allege any type of pervasive treatment. The only two occurrences of discrimination that Plaintiff even mentions in the entire complaint are her termination and the denial of a claimed benefit. Even if Plaintiff had asserted that either of these occurrences constituted an isolated, severe incident, such assertions would be without merit. Termination is a discrete act, and is not

9

a component of a hostile work environment claim.³ *Santee v. Lehigh Valley Health Network, Inc.*, 2013 WL 6697865, at *6-7 (E.D. Pa. Dec. 19, 2013). Termination itself is not harassing conduct, and while it can be an instance of disparate treatment, it does not *create* a hostile work environment because it *eliminates* the existence of a work environment all together.⁴ While termination can speak to the detrimental effect element of a hostile work environment claim, it is not proof of the severe or pervasive harassment element itself. *Bartosh*, 259 S.W.3d at 324 n. 14. Further, an isolated incident must have been so severe that it altered the conditions of employment. *Castleberry*, 2017 WL 2990160, at *3 (citing to *Faragher*, 524 U.S. at 788). Since termination *ends* the employment, a work environment ceases to exist and no conditions remain which could be altered. *Knowles v. Trans Union LLC*, 2005 WL 20376, at *8 n. 8 (N.D. Ill. Jan. 4, 2005). For these reasons, Plaintiff's termination alone is inadequate to establish the severe or pervasive discrimination element.

The denial of an alleged benefit, like termination, is also an isolated instance and would need to meet the "extremely serious" severity threshold in order to be actionable. For an isolated incident to be "extremely serious," "a plaintiff must plead the incident to 'be [so] extreme [as] to amount to a change in the terms and conditions of employment.'" *Castleberry*, 2017 WL 2990160, at *3 (citing to *Faragher*, 524 U.S. at 788). Since Plaintiff pled no such allegation, the

---

³ Rather, "[termination] in itself constitutes a separate actionable unlawful employment practice." *Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-14 (2002)).

⁴ *See Jones v. Glaxosmithkline, LLC*, 755 F. Supp. 2d 138, 153 n. 12 (D.D.C. 2010) ("Harassment and termination are different events: for instance, one occurs during employment and the other ends employment."); *Wallin v. THC-Chicago, Inc.*, 2004 WL 2535283, at *7 (N.D. Ill. Sept. 23, 2004) (holding that termination is not an act creating a hostile work environment, but rather an example of disparate treatment between an employee and employer, and, therefore, not part of a hostile work environment claim); *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 324 (Tex. App. 2008) (holding that termination does not qualify as a predicate act supporting hostile work environment claims because termination itself is not harassing conduct).

denial of an alleged benefit, in this case, is inadequate to establish the severe or pervasive discrimination element.

In light of the sparsity of any factual allegations pertaining to a hostile work environment claim, and the aforementioned specific deficiencies, this Court concludes that Plaintiff failed to allege facts sufficient to establish a §1981 hostile work environment claim. Therefore, the claim is dismissed.

*Leave to Amend*

In her response to the motion to dismiss, Plaintiff requested leave to file an amended complaint, should this Court find that her original complaint failed to state a claim. Although Plaintiff did not follow the "settled rule" of this Circuit for requesting leave to amend by submitting a draft amended complaint, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252-53 (3d Cir. 2007), this Court finds that allowing Plaintiff the opportunity to amend would not be inequitable or futile.[5] Therefore, Plaintiff's request is granted and Plaintiff has leave to file an amended complaint to address the noted deficiencies.

*State Law Breach of Contract Claim*

Defendant also argued that Plaintiff did not plead facts sufficient to assert a state law breach of contract claim. At this time, this Court declines to exercise supplemental jurisdiction over this claim in accordance with 28 U.S.C § 1367(c),[6] as it has dismissed all of the federal claims on which the breach of contract claim would rely for jurisdiction. In the event that

---

[5] When a complaint is subject to 12(b)(6) dismissal, district courts should generally permit opportunity to amend unless an amendment would be inequitable, or otherwise unjust by way of futility, bad faith, or undue delay. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

[6] Section 1367(c) gives district courts the discretion to decline to exercise supplemental jurisdiction over state law claims after the court has dismissed all of the federal constitutional claims over which it had original jurisdiction. *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

Plaintiff files an amended complaint that asserts viable federal claims, this Court will consider whether to exercise supplemental jurisdiction over any state law claims raised in that amended complaint.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss is granted, and Plaintiff's federal claims against Defendant are dismissed. Should Plaintiff choose to file an amended complaint, she has fourteen days from the date of the docketing of this Memorandum Opinion and accompanying Order in which to do so. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.